IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUPERL SEQUOIA LIMITED,

                               Plaintiff,

          v.

THE C.W. CARLSON COMPANY, INC.
a/k/a THE CARLSON COMPANY, INC.,

                              Defendant.

OPINION and ORDER

07-cv-640-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE C.W. CARLSON COMPANY, INC.
a/k/a THE CARLSON COMPANY, INC.,

                         Third Party Plaintiff,

          v.

GARY DEMBART and
SEQUOIA GROUP HOLDINGS, LLC,

                        Third Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Superl Sequoia Limited has filed suit against defendant The C.W. Carlson

Company, Inc., alleging breach of contract for non-payment of amounts due and owing

under an agreement between the parties.  Defendant has filed counterclaims against plaintiff alleging breach of contract and breaches of implied warranties, and a counterclaim and third party complaint alleging misrepresentation by plaintiff and third party defendants Gary Dembart and Sequoia Group Holdings, LLC.  Jurisdiction is present. 28 U.S.C. § 1332.

Now before the court is plaintiff and third party defendants' motion to dismiss defendant's counterclaim and third party complaint alleging misrepresentation.  Plaintiff and third party defendants contend that defendant's misrepresentation claim should be dismissed for either of two reasons: defendant's claim is barred by the economic loss doctrine, and defendants have failed to plead misrepresentation with sufficient particularity as required by Fed. R. Civ. P. 9(b).  Because the misrepresentation alleged by defendant is interwoven with issues addressed by an agreement between plaintiff and defendant, defendant's misrepresentation claim is barred by the economic loss doctrine.  Accordingly, plaintiff and third party defendants' motion to dismiss defendant's claim of misrepresentation will be granted on that ground.

From defendant's counterclaims and third party complaint and the agreement entered into by plaintiff and defendant, I draw the following facts.

2

ALLEGATIONS OF FACT

A.  <u>Parties</u>

Plaintiff Superl Sequoia Limited is a foreign corporation organized and existing under the laws of Hong Kong, with its principal place of business in Hong Kong.

Defendant and third party plaintiff The C.W. Carlson Company, Inc. is a Wisconsin corporation, with its principal place of business in Madison, Wisconsin.

Third party defendant Gary Dembart is a citizen of Massachusetts.

Third party defendant Sequoia Group Holdings is a limited liability company organized in Massachusetts, with its principal place of business in Massachusetts.

B.  <u>The Agreement</u>

In or around February 2007, third party defendants, as agents for plaintiff, began discussions with defendant regarding a possible joint project under which plaintiff and defendant would manufacture and supply custom built fixtures and products for use in store displays.  Each party would be the primary manufacturer for different aspects of the project, but the parties agreed that plaintiff and defendant would share gross profits equally after both parties were reimbursed for their costs.  Third party defendant Dembart represented that the "costs" figure he supplied to defendant during preliminary discussions did not include profit, indirect costs or overhead.  In the written agreement between plaintiff and

3

defendant, the parties agreed to "share quoted costs (not sell price, but costs)," which "excludes any overhead either party might have or indirect costs."

Over the course of the project, defendant became dissatisfied with plaintiff's performance. Some of the fixtures supplied by plaintiff and delivered to defendant contained patent defects or serious latent defects, both of which caused defendant to incur additional expense. Plaintiff quoted its costs to include profit and indirect costs. Plaintiff has demanded and received payment from defendant on the basis of plaintiff's quoted costs.

OPINION

A.  Choice of Law

In the absence of a choice of law provision in the parties' agreement, the law of the forum state generally applies unless it is "clear" that the contacts in a nonforum state are of "greater significance" than the contacts in the forum state. State Farm Mutual Automobile Insurance Co. v. Gillette, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662. Both parties briefed Wisconsin case law, and the parties' contacts in Wisconsin are at least as significant as in any other state. Therefore, I am satisfied that Wisconsin law applies.

4

B.  Economic Loss Doctrine

1.  General standard

The economic loss doctrine "bars tort recovery for economic loss suffered by commercial entities," State Farm Mutual Automobile Insurance Co. v. Ford Motor Co., 225 Wis. 2d 305, 311, 592 N.W.2d 201, 203 (1999), and requires sophisticated commercial parties to "pursue only their contractual remedies when asserting an economic loss claim." Digicorp, Inc. v. Ameritech Corp., 2003 WI 54, ¶ 34, 262 Wis. 2d 32, 662 N.W.2d 652.

Application of the economic loss doctrine is generally based on three policies: 1) preservation of the distinction between tort law and contract law; 2) protection of commercial parties' freedom to allocate economic risk by contract; and 3) encouragement of the party in the best position to assess risk, the commercial buyer, to "assume, allocate or insure against that risk." Daanen & Janssen, Inc. v. Cedarapids, Inc., 216 Wis. 2d 395, 403, 573 N.W.2d 842, 846 (1998).

None of the policies underlying the doctrine is affected by the presence or absence of contractual privity, and therefore the economic loss doctrine can apply even in the absence of contractual privity.  Id.  For example, in Linden v. Cascade Stone Co., 2005 WI 113, 283 Wis. 2d 606, 699 N.W.2d 189, the economic loss doctrine barred a homeowner from bringing tort claims against subcontractors with whom the homeowner had no contractual relationship.  The court held that the homeowner's exclusive remedies were

5

contractual remedies against the main contractor.  Id. ¶ 17.  The court further stated that to allow the homeowner to pursue tort remedies against the subcontractors would "undermine the distinction between contract law and tort law that the economic loss doctrine seeks to preserve."  Id.

2.  Fraudulent inducement exception

Wisconsin law recognizes a narrow fraudulent inducement exception to the economic loss doctrine.  Kaloti Enterprises, Inc. v. Kellogg Sales Company, 2005 WI 111, ¶42, 283 Wis. 2d 555, 699 N.W.2d 205.  This narrow exception requires three elements: 1) there must be an intentional misrepresentation; 2) the misrepresentation must have occurred before the contract was formed; and 3) the fraudulent misrepresentation must be extraneous to, rather than interwoven with, the contract.  Wickenhauser v. Lehtinen, 2007 WI 82, ¶ 40, 302 Wis. 2d 41, 734 N.W.2d 855 (citing Kaloti Enterprises, 2005 WI 111, ¶ 42).

Thus, for the exception to apply, the fraud must concern "matters whose risk and responsibility did not relate to the quality or characteristic of the goods for which the parties contracted or otherwise involved [sic] performance of the contract."  Id. (citing Huron Tool & Engineering Co. v. Precision Consulting Services, Inc., 532 N.W.2d 541, 545 (Mich. Ct. App. 1995)).  A misrepresentation is "interwoven" and does not give rise to an independent cause of action in tort if the misrepresentation relates to the breaching party's performance

of the contract.  Kaloti Enterprises, 2005 WI 111, ¶ 34.

3.  Misrepresentation claim against plaintiff

In the present case involving commercial entities, by including a definition of "costs" in the agreement, defendant did "allocate or insure" against the risk of third party defendant Dembart's misrepresenting plaintiff's calculation of its "costs" figure.  Thus, defendant's misrepresentation claim appears to be precisely the sort of tort claim that is barred by the economic loss doctrine.

Defendant contends that the economic loss doctrine does not bar its misrepresentation claim because it is not seeking "economic loss."  In Kaloti, the Supreme Court of Wisconsin defined "economic loss" as "damages resulting from inadequate value because the product is inferior."  Kolati Enterprises, 2005 WI 111, ¶ 29.  According to defendant, the damages it seeks result from being fraudulently induced into entering into the contract, not from any inadequacy in plaintiff's goods.  However, this court has recognized that the application of the economic loss doctrine is not determined solely by the types of damages incurred.  Latino Food Marketers, LLC v. Ole Mexican Foods, Inc., 2004 U.S. Dist. LEXIS 5249, *20-21 (W.D. Wis.).  Ultimately, the meaning of economic loss is a policy question that cannot be answered by applying a rigid formula; the overarching question in any case involving potential application of the economic loss doctrine is whether contract

7

law adequately protects against the risks at issue in the case and whether it is more appropriate for the buyer or the seller to bear a particular loss. <u>Id. at *21</u> (citing <u>Daanen & Janssen</u>, 216 Wis. 2d at 412). In this case, because contract law gives defendant adequate opportunity to protect itself against the risks at issue, application of the economic loss doctrine is appropriate.

In this case, defendant's allegations of misrepresentation are interwoven with, and not extraneous to, the parties' agreement. The agreement contains terms requiring "costs" to be calculated in a certain way, and defendant's claim of breach of contract is based on an alleged failure by plaintiff to calculate "costs" in this manner. Defendant's claim of misrepresentation involves allegations that third party defendant Dembart made certain misrepresentations regarding what would be included in "costs." Third party defendant Dembart's statements did not become misrepresentations until plaintiff breached the agreement by including profit and overhead in its "costs," and the alleged misrepresentation complained about by defendant is an issue that defendant could and did address in its agreement. Therefore, the alleged misrepresentation is interwoven with the agreement, and the fraudulent inducement exception does not apply. <u>Taurus IP, LLC v. DaimlerChrysler Corp.</u>, 519 F. Supp. 2d 905, 912, 928 (W.D. Wis. 2007) (misrepresentations made to induce the defendant to enter into a patent licensing agreement held to be interwoven with the agreement because the agreement could have addressed those misrepresented issues).

8

4.  <u>Misrepresentation claim against third party defendants</u>

Defendant contends that the economic loss doctrine does not bar its tort claims against third party defendants Dembart and Sequoia because they are not parties to the contract.  However, defendant's claim against third party defendants essentially aims to recover damages that defendant suffered because it did not receive the benefit of the bargain it had reached with plaintiff.  Such recovery is best achieved through contract law, which aims to redress failed expectations.  To allow defendant to seek tort recovery from third party defendants for plaintiff's failure to meet the terms of the agreement would frustrate the policies underlying the economic loss doctrine.

Defendant cites two Wisconsin cases in support of its argument that it should be allowed to proceed with its misrepresentation claim against third party defendants Dembart and Sequoia, <u>Trinity Lutheran Church v. Dorschner Excavating, Inc.</u>, 2006 WI App 22, 289 Wis. 2d 252, 710 N.W.2d 680, and <u>Brew City Redevelopment Group v. Ferchill Group</u>, 2006 WI App 39, 289 Wis. 2d 795, 714 N.W.2d 582, <u>aff'd</u>,  2006 WI 128, 297 Wis. 2d 606, 724 N.W.2d 879.

In <u>Trinity Lutheran Church</u>, 2006 WI App 22, ¶ 2, the court concluded that the economic loss doctrine did not apply with respect to two parties, because there was no contractual relationship between them.  However, the parties in <u>Trinity</u> were two contractors hired separately by a project owner and working side-by-side on a construction project.  <u>Id.</u>

9

¶¶ 1, 18.  In the present case, defendant and third party defendants are parties on opposite sides of a contract negotiation.  Whereas the non-contracting parties in <u>Trinity</u> had virtually no opportunity to insure against risks caused by each other because they were essentially "strangers" working on the same project, <u>id.</u> ¶ 18, defendant had an opportunity to insure against the risk of third party defendant Dembart's misrepresentation in its contract with plaintiff.  In fact, defendant did insure against that risk by including third party defendant Dembart's statements in the terms of its agreement with plaintiff.

In <u>Brew City Redevelopment Group</u>, 2006 WI App 39, ¶ 19, the appellate court found that the economic loss doctrine did not bar the plaintiff's tortious injury to business claim against the defendants with whom the plaintiff was not contractually involved.  For those defendants, the tort claim fell "outside the contract"; therefore, the existence of a commercial transaction did not bar the tort claim.  <u>Id.</u>  However, when the Wisconsin Supreme Court affirmed, it explained that it was not the existence of a contract that determined whether the economic loss doctrine applied, but rather the substance of the plaintiff's claims.  <u>Brew City Redevelopment Group v. Ferchill Group</u>, 2006 WI 128, ¶ 25, 297 Wis. 2d 606, 724 N.W.2d 879.  The Wisconsin Supreme Court found that the tortious injury to business claim was not barred by the economic loss doctrine for three reasons: the tort claim did not depend on the existence of a contract, the allegations underlying the tort claim were different from the allegations underlying the plaintiff's breach of contract claims,

10

and the damages the plaintiff sought under the tort theory were different from the damages sought under the breach of contract theory.  Id.

In contrast to Brew City, defendant's misrepresentation claim depends entirely on the existence of the agreement between the parties; third party defendant Dembart's statements were made during contract negotiations.  Further, the allegations underlying defendant's misrepresentation and breach of contract claims are the same: plaintiff included profit and indirect costs in its "costs" figure even though third party defendant Dembart stated during negotiations that "costs" would not include those items.  Thus, Brew City does not preclude application of the economic loss doctrine in this case.

Third party defendant Dembart's alleged misrepresentations relate directly to plaintiff's performance of the agreement.  Even though there was no contractual privity between defendant and third party defendants, the policies of the economic loss doctrine support its application to third party defendants.  Because third party defendant Dembart's alleged misrepresentation is interwoven with the agreement between plaintiff and defendant, defendant's misrepresentation claim is barred by the economic loss doctrine, and plaintiff and third party defendants' motion to dismiss will be granted.


C.  Failure to Plead with Particularity

Plaintiff and third party defendants have also moved to dismiss defendant's claim for

11

misrepresentation because it fails to allege fraud with the particularity required by Fed. R. Civ. P. 9(b).  Because I have concluded that defendant's misrepresentation claim is barred by the economic loss doctrine, plaintiff and third party defendant's motion to dismiss for failure to plead with particularity will be denied as moot.

## ORDER

IT IS ORDERED that

1.  The motion of plaintiff Superl Sequoia Limited and third party defendants Gary Dembart and Sequoia Group Holdings, LLC, to dismiss defendant The C.W. Carlson Company's counterclaim and third party complaint of misrepresentation for failure to state a claim upon which relief can be granted is GRANTED; and

2.  Plaintiff and third party defendants' motion to dismiss defendant's claim of misrepresentation for failure to plead with sufficient particularity is DENIED as moot.

Entered this 26th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

12